**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH GARCIA, | ) | |
| | ) | Case No. 18-cv-6774 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| SERGEANT ANDREW THOMAS, OFFICER | ) | |
| THOMAS JONITES, and LIEUTENANT | ) | |
| NIELSON, Individually, and the McHENRY | ) | |
| COUNTY SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Keith Garcia filed his three-count Complaint in October 2018, alleging Fourth Amendment and 42 U.S.C. § 1983 violations for unlawfully searching and arresting him and a *Monell* claim and indemnification claim against the McHenry County Sheriff Department. Defendants Sergeant Andrew Thomas, Officer Thomas Jonites, Lieutenant Kenneth Nielson, and the McHenry County Sheriff's Department move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, the motion to dismiss [15] is granted.

**Background**

Plaintiff Keith Garcia alleges that his Fourth Amendment rights were violated when he was arrested and detained on September 1, 2015, in conjunction with the investigation that occurred after the death of Charles Joseph Gliniewicz, who was a police lieutenant for the Village of Fox Lake, Illinois. The case received national media coverage and an expansive investigation. It was later revealed that Gliniewicz had staged his suicide to look like a homicide. Garcia alleges that prior to Gliniewicz taking his own life, Gliniewicz sent a radio transmission to the Fox Lake Police Department falsely stating that he was in pursuit of two "male whites" and one "male black."

1

Garcia alleges that on the day of Gliniewicz's suicide Garcia was driving to his friend's house, when he was stopped, handcuffed, and taken into custody by the Defendants for no reason. Weapons were pointed at Garcia, although he was not breaking any laws. Garcia requested and tried to leave, but was told he could not because he was in custody. Garcia asserts that the McHenry County Sheriff's Department took him into custody pursuant to its policy, practice, and customs. Garcia further alleges that early on the Fox Lake Police Department noted irregularities inconsistent with a murder victim and how they understood Gliniewicz's character, yet detained Garcia and other citizens without probable cause.

A potential class action comprised of individuals arrested and detained in conjunction with the investigation was filed, *Willoughby v. Village of Fox Lake, et al*, No. 17-v-2800 (N.D. Ill.) (Guzmán, J.). Garcia filed this litigation on October 8, 2018. The Defendants now move to dismiss the Complaint for failure to state a cause of action upon which relief can be granted.

**Legal Standard**

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all of the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Id.* at 632 (internal quotations omitted). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Defendants first argue that all of Garcia's claims are barred by the applicable statute of limitations. Section 1983 claims arising in Illinois are subject to its two-year limitations period for personal-injury claims. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Though the statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) is proper where the complaint contains "everything necessary to establish that the claim is untimely." *Collins v. Vill. of Palatine, Illinois*, 875 F.3d 839, 842 (7th Cir. 2017), cert. denied sub nom. 138 S.Ct. 2014, 201 L.Ed.2d 253 (2018). Defendants contend that Garcia's claims against them are untimely because the alleged false arrest occurred on September 1, 2015, and Garcia did not assert his claims until October 8, 2018, more than three years later. Unless the limitations period was tolled, these claims against the Defendants are untimely. *See Ray v. Maher*, 662 F.3d 770, 772–73 (7th Cir. 2011).

In response, Garcia contends that the statute of limitations period for this action was tolled against the Defendants while class certification was pending in the *Willoughby* matter. Garcia asserts that the statute of limitations was tolled from April 13, 2017 (the date *Willoughby* was filed) until June 6, 2018 (the date class certification was denied in *Willoughby*). The plaintiffs in *Willoughby* asserted similar § 1983 claims related to the Gliniewicz investigation. However, the April 13, 2017 complaint did not include Thomas, Jonites, Nielson, or the McHenry County Sheriff's Department as defendants. As such, Defendants argue that they were not provided adequate notice of the litigation and the limitations period did not toll.

Generally, "the filing of a proposed class action immediately pauses the running of the statute of limitations for all class members." *Collins*, 875 F.3d at 843 (citing *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983)). The clock begins to run again immediately if class certification is denied. *Lewis v. City of Chicago, Illinois*, 702 F.3d 958, 961

(7th Cir. 2012). The purpose of limitations periods is "to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." *Crown, Cork & Seal Co.*, 462 U.S. at 352.[1]

In *Willoughby*, the initial complaint filed on April 13, 2017 was asserted against several defendants, but that version did not include any of the Defendants in this litigation. *See* Complaint, *Willoughby v. Village of Fox Lake*, No. 17-cv-2800 (N.D. Ill. Apr. 13, 2018), ECF No. 1 (Guzmán, J.). The *Willoughby* plaintiffs filed three amended complaints, which also did not include any of the Defendants in this action. *Id.*, (N.D. Ill. May 5, 2017), ECF No. 8; *id.*, (N.D. Ill. Aug. 14, 2017), ECF No. 49; *id.*, (N.D. Ill. Jan. 5, 2018), ECF No. 93. The court denied class certification on June 6, 2018. *See Willoughby v. Village of Fox Lake*, No. 17-cv-2800, 2018 WL 2718037 (N.D. Ill. June 6, 2018). Then, on July 26, 2018, the *Willoughby* plaintiffs filed their Fourth Amended Complaint, which added Jonites, Thomas, and Nielsen as defendants. *See id.*, (N.D. Ill. July 26, 2018), ECF No. 143. By that time, the statute of limitations had already run for parties not on notice. Jonites, Thomas, and Nielsen were dismissed from *Willoughby* on October 29, 2018. *See id.*, (N.D. Ill. Oct. 29, 2018), ECF No. 202.

The parties have not identified, and this Court is not aware of, any Seventh Circuit authority addressing the situation of tolling against unnamed defendants. In analyzing this issue in a similar case, the Sixth Circuit explained, "The first principle of significance in this case is that the [earlier filed] action must afford the defendant with adequate notice." *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 567 (6th Cir. 2005). Indeed, "[t]he few cases that have considered similar situations have held that class action tolling does not apply to a defendant not named in the class action complaint." *Id.* at 567–68; *see also Vodak v. City of Chicago*, No. 03 C 2463, 2006 WL 1049736, at *2 (N.D. Ill. Apr. 19, 2006) (Kendall, J.). The original class complaint in *Willoughby* did not name the

---

[1] Although the law is clear, the Court would be remiss not to acknowledge the outrageous facts that brought Garcia into contact with the Defendants. All of the circumstances underlying this litigation are shameful, to say the least, but nevertheless cannot override the law that applies.

Defendants in this litigation and the Defendants were not named in *Willoughby* until after the statute of limitations ran, so the Defendants did not have adequate notice. As such, the statute of limitations against the Defendants in this case was not tolled by *Willoughby*. Moreover, Garcia does not cite any authority in support of his argument that the national publicity of the investigation satisfies the notice requirement. The Defendants are not connected to the defendants named in *Willoughby*, such as through an affiliated entity, and timely notice generally does not occur where a defendant is not notified personally of the underlying claims. *See Crown, Cork & Seal Co.*, 462 U.S. at 353. Such is the case here.

Although the limitations issue is dispositive of Garcia's claims and the Court need not address Defendants' additional arguments, Garcia's *Monell* and indemnification claims would also be dismissed for failure to state a claim on separate bases. Count II alleges that Defendants took Garcia into custody pursuant to its "policy, practice, and customs" without further elaboration. These allegations go to the legal elements of Garcia's *Monell* claim, but not the necessary factual allegations required for the plausibility analysis required by *Twombly* and *Iqbal*. *See McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011). Garcia fails to allege factual allegations sufficient to state a claim. *Id.* Count II is dismissed on these grounds, as well.

Finally, Defendants contend that Count III fails to state a claim because the McHenry County Sheriff's Department cannot be a party to a lawsuit because it is not a unit of local government under the Constitution or laws of the State of Illinois. Indeed, the McHenry County Sheriff's Department is not a separate entity capable of being sued. *See Bedwell v. McHenry Cty.*, No. 93 C 20192, 1994 WL 149719, at *3 (N.D. Ill. Apr. 11, 1994) (Reinhard, J.). Moreover, by not responding to Defendants' argument regarding indemnification, Garcia waives this claim. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *see also Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.*,

260 F.3d 742, 747 (7th Cir. 2001) (holding that failure to oppose an argument permits an inference of acquiescence, which "operates as a waiver").

**Conclusion**

Based on the foregoing, this Court grants the Defendants' Motion to Dismiss [15].


IT IS SO ORDERED.


Date: 5/28/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge